UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARL F. SODT,

        Plaintiff,

    v.

MICHAEL J. ASTRUE, in his capacity as
Commissioner of the Social Security
Administration,

        Defendant.

CASE NO. C08-0835RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") (Dkt. # 18) of Magistrate Judge James P. Donohue. The R&R recommends that the court affirm the decision of an administrative law judge ("ALJ") and dismiss Plaintiff Karl Sodt's appeal of the refusal of the Social Security Administration ("SSA") to award him disability insurance benefits. Mr. Sodt has objected to the R&R, and the court has considered his objections (Dkt. # 19), the SSA's response, the briefs the parties submitted to Judge Donohue, and the Administrative Record ("AR"). For the reasons stated below, the court adopts the R&R, thereby affirming the decision to deny Mr. Sodt disability benefits.

ORDER – 1

## II. BACKGROUND

Mr. Sodt worked until mid-2003 as an animator for a software company. AR 72, 266-67. Prior to that, he held numerous positions as an animator, an artist, and an art teacher. Even while he worked for the software company, he suffered from what he believes is multiple chemical sensitivity ("MCS"). AR 267. Mr. Sodt suffers from pain and fatigue following exposure to what most would consider harmless odors, including but not limited to soap, deodorants, laundry detergents, and even the smell of plastic computer components. He describes his condition as follows:

> After breathing even low levels of volatile organic compounds (VOCs) I have difficulty concentrating, making decisions, being motivated, remembering, and sleeping. My head aches and sense of balance is not right, and I am fatigued. Recovery is at least a day. I avoid exposure to VOCs in laundry fragrance, fabric softeners, exhaust, perfume, some print materials, etc. I use a respirator when around people or on errands.

AR 61-62.

The record is replete with evidence from physicians who have examined Mr. Sodt. Their diagnoses vary. Some are unable to determine what ails him. AR 253. Others have diagnosed him with MCS. AR 158, 160, 165, 236. At least one psychiatrist diagnosed him with obsessive compulsive disorder ("OCD"), and believes that his intolerance for exposures to ordinary odors arises from his OCD. AR 169. No physician, however, has suggested that Mr. Sodt is exaggerating or faking his symptoms. All of them agree that he must greatly limit his exposure to the smells that give rise to his symptoms. AR 160, 165, 169, 236.

Of particular importance to the court's decision today is Mr. Sodt's most recent employment. He worked for a full year at the software company, accommodating his condition with an unusual work schedule. He did the vast majority of his work at home, and visited his employer's office only two to four times each month for short meetings. AR 266-67. While at the meetings, he used a respirator, and left as quickly as possible. AR 267. He lost his job in mid-2003 when his employer went out of business. *Id.*

The ALJ determined that Mr. Sodt either did not have MCS or that it was much less severe than he claimed, and that his "real impairment" was OCD. AR 25. He found that the medical record supported, at most, a determination that Mr. Sodt be limited to "moderate exposure" to the irritants that aggravated his condition. *Id.* He found that, subject to those limitations, Mr. Sodt could perform his past relevant work as an animator, and therefore was not disabled within the meaning of the Social Security Act. AR 26-27.

On appeal, Judge Donohue recommended affirming the ALJ's decision despite some errors. He found that the ALJ lacked evidence to support his determination that Mr. Sodt's testimony about his symptoms was not credible, and that he erred in determining that Mr. Sodt's impairment was less disabling than he claimed. Nonetheless, Judge Donohue agreed with the ALJ's determination that Mr. Sodt could perform his past relevant work, and therefore recommended affirming the ALJ's decision.

### III. ANALYSIS

The R&R accurately summarizes the standard of review applicable to the ALJ's decision. Briefly, where "substantial evidence" supports an ALJ's factual finding, the court must affirm it. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1222 (9th Cir. 2009) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). The court does not defer to the ALJ's legal conclusions. *Id.* The court reviews a magistrate judge's R&R de novo. Fed. R. Civ. P. 72(b)(3).

The R&R also accurately summarizes the five-step process for determining whether an applicant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). An applicant is disabled if, for a period of sufficient duration, he can perform neither his past relevant work nor any other substantial gainful activity available in the national economy. In the first step, the applicant must show that he did not engage in substantial gainful activity during a relevant time period. If he did, then he

ORDER – 3

is not disabled.  If he did not, then the claimant must show at the second step that he has a "severe impairment" that limits his ability to work.  20 C.F.R. § 404.1520(c).  If so, he must show at the third step that over the course of at least a year, his impairment "meets or equals" an impairment listed in applicable regulations.  If it does, he is disabled.  If not, he must demonstrate at step four that his residual functional capacity ("RFC") is such that he cannot perform his past relevant work.  *See* 20 C.F.R. § 404.1520(f) (noting that an applicant who can perform past relevant work is not disabled).  If he cannot, then the burden shifts to the SSA to demonstrate that his RFC permits him to perform other jobs that exist in substantial numbers in the national economy.  *See Bray*, 554 F.3d at 1223 (describing allocation of burdens in five-step process).

The court shares Judge Donohue's concerns about the ALJ's evaluation of Mr. Sodt's condition and the limitations it imposed.  In this court's view, the medical record demonstrates convincingly that whatever Mr. Sodt's impairment is, it requires that he severely limit his exposure to ordinary smells.  The ALJ's determination that he could tolerate "moderate exposure" is likely erroneous, especially because the ALJ believed that "moderate exposure" included regular on-site workplace exposure to the common odors that triggered Mr. Sodt's symptoms.  The court does not find substantial evidence to support the conclusion that Mr. Sodt could work in an ordinary work environment without substantial accommodations to minimize his exposure to most odors.

Nonetheless, the court agrees that Mr. Sodt has failed to carry his burden at step four of the evaluation process to prove that his condition prevents him from performing his past relevant work.  Critically, he must prove *both* that he cannot perform his past relevant work as he actually performed it *and* as his past relevant work is typically performed in the national economy.  The court concludes that substantial evidence supports the conclusion that Mr. Sodt can perform his past relevant work *as he performed it*, and thus he is not disabled.

ORDER – 4

SSA regulations define "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). No one disputes that Mr. Sodt's one-year employment as an animator from 2002-2003 is past relevant work.[1] The SSA can consider a claimant's ability to perform his past relevant work "either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2).

A claimant is *not* disabled if he can perform past relevant work "either as actually performed *or* as generally performed in the national economy." *Lewis v. Apfel*, 281 F.3d 1081, 1083 (9th Cir. 2002) (emphasis added) (citing *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001)). This interpretation finds support in two SSA official policy guidance documents. One sets forth three alternative approaches to determining a claimant's ability to perform past relevant work, including "[w]hether the claimant retains the capacity to perform . . . an individual job as he or she actually performed it." SSR 82-61, 1982 SSR LEXIS 31, at *3 (1982). If the evidence shows that a claimant can "perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be 'not disabled.'" *Id.* (cited in *Pinto*, 249 F.3d at 845); *see also Rivera v. Barnhart*, 239 F. Supp. 2d 413, 421 (D. Del. 2002) (citing SSR 82-61 in circumstances analogous to Mr. Sodt's). A more recent policy directive states that "the first consideration" at step four of the evaluation process is "whether the individual can do past relevant work as he or she actually performed it."

---

[1] Although a court typically relies on a claimant's income to assess whether a job is "substantial gainful activity," 20 C.F.R. § 404.1574(a)(1), it may also consider whether the work was performed under "special conditions" such that it was not substantial gainful activity despite a qualifying level of income. 20 C.F.R. § 404.1573(c); *see also Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990). Relevant "special conditions" include whether the work was performed under "specially arranged circumstances." 20 C.F.R. § 404.1573(c)(4). Mr. Sodt has never contested that his most recent work as an animator was substantial gainful activity, and the court finds no evidence that would allow it to reach the conclusion that it was not substantial gainful activity. *See Sharkey v. Comm'r*, No. CV 07-176-S-LMB, 2008 U.S. Dist. LEXIS 60819, at *11-15 (D. Id. Aug. 8, 2008) (concluding that claimant's recent employment qualified as past relevant work even though it was performed under special conditions).

ORDER – 5

SSR 96-8p, 1996 SSR LEXIS 5, at *8 (1996). Only if claimant cannot do so does "it become necessary to assess whether an individual is able to do his or his past relevant work as it is generally performed in the national economy." *Id.* at *8-9 (cited in *Reed v. Massanari*, 270 F.3d 838, 843 n.2 (9th Cir. 2001)).

The record provides no evidence for the proposition that Mr. Sodt is unable to perform his previous job as an animator as he actually performed it, *i.e.*, with a largely work-at-home schedule and infrequent and brief on-site work requirements. He claims otherwise in his objections to the R&R, but his citations to the record do not support his argument. His principal contention is that his condition has worsened since he last worked in 2003, and that he could no longer tolerate even brief and infrequent on-site appearances at work. His attempts to point to evidence of his worsened condition are unconvincing. Mr. Sodt stated in his SSA application materials that his change to electronic animation to avoid exposures to paints and other materials was not enough to "stop [his] condition from getting worse." AR 84. In no way, however, did he suggest that his condition had worsened from the end of his last job to the present. In the same application, he stated that he "experience[s] symptoms of [his] condition after shorter times of exposure to volatile organic compounds," but he was merely clarifying a prior application answer, noting that short exposures also caused him difficulty. AR 89 (clarifying response at AR 61-62). Although Mr. Sodt detailed his difficulty finding work since his last job, he never suggested that his difficulty was because his condition had worsened. AR 62 (response to question J). When he testified before the ALJ, he explained his efforts to find a job, but never suggested that he could not perform a job under the same circumstances as his previous job. AR 270-72. In short, despite ample opportunity to provide either written responses or testimony about his current condition and its limitations, he never testified that his condition had worsened and that he would now be unable to perform even his largely off-site past relevant job.

ORDER – 6

The court acknowledges that the vocational expert who testified before the ALJ suggested that Mr. Sodt's impairment prevents him from performing his past relevant work as it is typically performed in the national economy.  AR 280-82.  Indeed, the court has no reason to doubt the vocational expert's assessment.  The VE did not address, however, whether Mr. Sodt is capable of performing his past relevant work as he actually performed it, nor was he required to.  *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1995) (affirming step four finding reached without benefit of vocational expert testimony).  As the court explained above, Mr. Sodt does not qualify for disability benefits unless he is unable to do *both* his past relevant work both as he actually performed it *and* his past relevant work as it is generally performed.

There is no evidence from which the court can conclude that Mr. Sodt is unable to perform his past relevant work as he actually performed it.  The court adopts the R&R and affirms the ALJ on that basis.

## IV.  CONCLUSION

For the reasons stated above, the court adopts the R&R (Dkt. # 18) despite Mr. Sodt's objections (Dkt. # 19).  The court directs the clerk to enter judgment for Defendant, and to send a copy of this order to Judge Donohue's chambers.

IT IS SO ORDERED.

DATED this 24th day of August, 2009.


_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 7